| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 6, 2017
Decided December 13, 2017

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-1331

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States |
| *Plaintiff-Appellee*, | District Court for the Northern District |
| | of Illinois, Eastern Division. |
| *v.* | No. 16 CR 177-1 |
| MARLON WALTON, | Thomas M. Durkin, |
| *Defendant-Appellant*. | *Judge*. |

**O R D E R**

Marlon Walton, a felon, acted as a middleman in the sale of a loaded automatic rifle. He was indicted for possessing a firearm after a felony conviction, 18 U.S.C. § 922(g)(1), pleaded guilty without a plea agreement, and was sentenced to 60 months in prison, which was above the guidelines range of 37 to 46 months. He now appeals, but his appointed attorney has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Walton has not accepted our invitation to respond to counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's brief explains the nature of the case and addresses the issues that this kind of appeal might be expected to involve. Because the analysis in the brief appears thorough, we limit our review to the subjects counsel has discussed.

*See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first tells us that Walton does not wish to withdraw his guilty plea. Thus counsel appropriately omits from his brief a discussion about the voluntariness of the plea. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next considers but rejects as frivolous a potential argument that the district court erred in applying the definition of "crime of violence" when calculating Walton's base offense level of 22 under U.S.S.G. § 2K2.1. To arrive at that base offense level, the judge found that the two requirements of § 2K2.1(a)(3) were met: (1) the gun was automatic, *id.* § 2K2.1(a)(3)(A)(ii); and (2) Walton's prior conviction for aggravated discharge of a firearm, 720 ILL. COMP. STAT. 5/24-1.2(a) (1998), was a crime of violence, U.S.S.G. § 2K2.1(a)(3)(B). An offense is a crime of violence if one element of the offense is the use, attempted use, or threatened use of physical force against another. *See id.* § 2K2.1(a)(3) & cmt. n.l; *id.* § 4B1.2(a)(1). To determine whether Walton's aggravated discharge had an element of physical force, we would apply the categorical approach, which means that we "only look to 'the fact of conviction and the statutory definition of the prior offense.'" *See United States v. Curtis*, 645 F.3d 937, 939  (7th Cir. 2011) (quoting *United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009)).

Counsel rightly concludes that despite shortcomings in the record, it would be pointless to argue that Walton's past crime of aggravated discharge was not a crime of violence. Counsel notes that we have no copy of the charging document; instead the PSR relied on available arrest reports, but "[a]rrest reports are not authorized sources for divisibility purposes." *Welch v. United States*, 604 F.3d 408, 422 (7th Cir. 2010). So the record does not reveal under which of the six subdivisions of § 5/24-1.2(a) Walton was convicted. Given this shortcoming, to apply the categorical approach, we would have to evaluate *all* of the "branches" of the crime to conclude that the conviction is categorically a crime of violence. *See Welch*, 604 F.3d at 421–22 (applying a similar analysis to determine if a crime is a "violent felony" under 18 U.S.C. § 924(e)).

Using that approach, we would necessarily conclude that Walton was convicted of a crime of violence. At the time of Walton's crime, the first two of § 5/24-1.2's six parts read:

(a)　A person commits aggravated discharge of a firearm when he knowingly or intentionally:

(1)　Discharges a firearm at or into a building he knows to be occupied and the firearm is discharged from a place or position outside that building; [or]

(2)　Discharges a firearm in the direction of another person or in the direction of a vehicle he knows to be occupied.

720 ILL. COMP. STAT. 5/24-1.2(a)(1)–(2).

We have held that both of these parts are crimes of violence because "[d]ischarging a firearm in the direction of a person or a vehicle containing a person . . . is unquestionably the use, attempted use, or threatened use of 'physical force against the person of another.'" *Curtis*, 645 F.3d at 941 (construing subsection (a)(2)); *Quezada-Luna v. Gonzales*, 439 F.3d 403, 406 (7th Cir. 2006) ("[T]he 'discharge' element of § 5/24-1.2(a)[(1)] involves the use of physical force."). The remaining four parts share the same element of discharging a firearm in the direction of a person or occupied vehicle; they merely increase the penalty if the person is known to be (or the vehicle is known to contain) a law-enforcement officer, § 5/24-1.2(a)(3)–(4), or emergency medical personnel, § 5/24-1.2(a)(5)–(6). We thus agree with counsel that it would be pointless to argue that violating any part of this statute is not a "crime of violence." *See Curtis*, 645 F.3d at 941–42.

Counsel next considers whether Walton could argue that the judge otherwise erred in fashioning Walton's sentence, and we agree that any such argument would be frivolous. We will uphold an above-guidelines sentence against a procedural challenge if the judge justified the variance and explained the chosen sentence to allow meaningful appellate review. *See United States v. Lockwood*, 840 F.3d 896, 900 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 1238 (2017). The judge here adequately considered the 18 U.S.C. § 3553(a) factors and Walton's mitigating arguments. He found that the guidelines underrepresented Walton's criminal history because they did not reflect the similarities between his past and present firearm crimes. *See* 18 U.S.C. § 3553(a)(1);

*Lockwood*, 840 F.3d at 902. The judge also considered the gravity of Walton's current offense. It involved a particularly dangerous gun—in Walton's words, a "chopper because it chops people in half." *See* § 3553(a)(2)(A). And it happened in Englewood, a neighborhood plagued by gun violence and thus a community particularly in need of protection from Walton's crimes. *See* § 3553(a)(2)(C). The judge also considered the nature of the gun and Walton's criminal history before rejecting his mitigating arguments that he had not seen the gun before the day of sale. In light of the judge's thorough explanation of the sentence, we also agree with counsel that Walton could not mount a plausible argument that the judge abused his broad discretion and imposed a substantively unreasonable sentence. *See United States v. Fogle*, 825 F.3d 354, 359 (7th Cir. 2016).

Finally, counsel questions if the district judge abused his discretion when over Walton's objection he imposed a condition of supervised release that allowed a probation officer to visit Walton at work. The judge considered the condition appropriate because it was limited to reasonable times and because the officer would seek to avoid disrupting Walton's employment. *See United States v. Bickart*, 825 F.3d 832, 842 (7th Cir. 2016). We agree with counsel that any argument that the judge abused his discretion would go nowhere.

Accordingly, we GRANT the motion to withdraw and DISMISS the appeal.